UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**
APR 2 7 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-306-GWU

MARGIE DEATON FOR
AUSTIN JONES, PLAINTIFF

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY DEFENDANT

### INTRODUCTION

The plaintiff's mother appeals from the negative administrative decision on her son's application for Child's Supplemental Security Income benefits. The case is before the Court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 strict standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

Deaton/Jones

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. Section 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

At the time of the April, 2004 decision of the administrative law judge (ALJ), Jones was three years old and had a "severe" impairment related to asthma. (Tr. 12). The ALJ noted that the record did not document chronic pulmonary insufficiency and the frequency of exacerbations requiring physician intervention or hospitalization and, as such, Listing of Impairment Section 103.03 had not been met. (Tr. 13). He concluded, additionally, that there was no evidence of limitation in any functional domain other than "Health and Physical Well-Being", in which domain the child had "marked " limitations (Tr. 15), so that the plaintiff's condition did not

2

Deaton/Jones

functionally equal a disabling condition. He noted that Jones' asthma did not appear to be "extreme" or worsening since Jones had not received treatment for the condition since the time of the prior hearing, and since the plaintiff's mother had actually described the asthma as "well controlled" in Exhibits B1F and B7F/3. (Tr. 16). Thus, benefits were denied. (Tr. 17).

The record indicates that a prior SSI application filed on Jones' behalf had been denied, and that the current ALJ properly applied res judicata to the period through July 22, 2002, the date of the prior, unappealed hearing decision. (Tr. 11).[1] Although the plaintiff briefly refers to a 2000 alleged onset date in his brief, it is unclear that he specifically challenges the application of res judicata.

Evidence includes the treatment notes of Talmadge Hays. The vast majority of the notes, however, pertain to the years 2000 and 2001 (Tr. 110-116), outside the pertinent period. The only documentation of treatment from Hays regarding treatment in 2002, moreover, was not until November of that year, when the plaintiff was seen with a swollen throat and tympanic membranes as well as tender and enlarged cervical lymph nodes. (Tr. 109). The lungs were clear, however, although there was some effort with respiration, and the only reference to asthma came in

---

[1]In the prior decision, also, the child's only "severe" impairment was deemed to have been asthma (Tr. 36), the Listing of Impairments were not believed to have been met, and only domain said to have any impairment was that of "Health and Physical Well-Being" (Tr. 33-36). Thus, the new decision is compatible with the findings contained in the earlier decision.

3

Deaton/Jones

the patient history section, rather than the diagnosis section. (Id.) Reviewing this information, Medical Reviewer D. Penn noted that the November treatment note had not established that there was any asthma exacerbation present. (Tr. 117, 122). Joanne Sexton later opined that the impairment was "severe", but did not meet, medically equal or functionally equal any section of the Listing of Impairments. (Tr. 123).

Exhibit B7F contains two progress notes from 2003. As noted by the ALJ, in the notes from the first office visit, it was reported that the plaintiff had been healthy except for asthma, and that his mother stated that the asthma was "well controlled" with current medications. (Tr. 132). The respiration was specifically described as clear. (Id.). Further, although the plaintiff returned for treatment of a cold later in 2003, the second visit notes specifically record that his respiration was normal and his chest clear. (Tr. 131). Asthma was not diagnosed.

For these reasons, as well as those noted in the defendant's brief regarding the domains of acquiring and using information and attending and completing tasks, the decision will be affirmed.

This the 27 day of April, 2005.

G. WIX UNTHANK
SENIOR JUDGE